UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM NEWMAN, 242710,

        Petitioner,

                                    CASE NO. 2:09-CV-13351
v.                                     HONORABLE PAUL D. BORMAN

PERCY CONERLY,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner William Newman has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has been served with the petition and an answer to the petition is due on March 2, 2010. This matter is before the Court on Petitioner's motion for appointment of counsel, as well as his application to proceed *in forma pauperis*. The Court has reviewed Petitioner's motion and application and denies them for the reasons stated herein.

Petitioner seeks appointment of counsel to assist him with his case. Petitioner, however, has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Neither discovery nor an evidentiary hearing are necessary at this time, and the interests of justice do not require appointment of counsel. *See* 18

U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motion for appointment of counsel.  The Court will bear in mind Petitioner's request if, following a review of the pleadings and state court record, the Court determines that appointment of counsel is necessary.  Petitioner need not file an additional motion concerning this issue.

Petitioner also seeks leave to proceed *in forma pauperis* in this case.  At the time he filed his petition, however, Petitioner paid the $5.00 filing fee for this habeas action.  Given that Petitioner has paid the filing fee and there are no other required fees for this proceeding, his application to proceed *in forma pauperis* is unnecessary.  Accordingly, the Court **DENIES** Petitioner's application to proceed *in forma pauperis* as moot.

**IT IS SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 29, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 29, 2009.

S/Denise Goodine
Case Manager

2