UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM NEWMAN, #242710,

    Petitioner,

v.                                           CASE NO. 2:09-CV-13351
                                            HONORABLE PAUL D. BORMAN

PERCY CONERLY,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

### I.    Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner William Newman ("Petitioner") was convicted of accosting, enticing, soliciting, or encouraging a child for immoral purposes, MICH. COMP. LAWS § 750.145a, following a jury trial in the Saginaw County Circuit Court. He was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to 2 ½ to 14 years imprisonment in 2005. In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence and the scoring of the state sentencing guidelines. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

### II.    Facts and Procedural History

Petitioner's conviction arises from improper remarks he made to a teenage girl at a tractor show in Brady Township, Michigan in 2004. The Michigan Court of Appeals provided a factual

summary, which is presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 F. App'x 730 (6th Cir. 2002), as follows:

> Defendant's conviction arises out of an incident that took place at a tractor show in Brady Township in August, 2004. Fifteen-year-old Stephanie Koski attended the tractor show and camped at the show grounds with her family and some friends. On August 22, 2004, defendant appeared at the Koski's campsite and sat at their picnic table. After being shooed away by Stephanie's mother, he later approached Stephanie at a ride, reached his hand toward her, and asked her if she wanted to go f* * *. The incident was reported to the police, and defendant was ultimately arrested and charged with accosting, enticing, soliciting, or encouraging a child for immoral purposes. Defendant was convicted as charged, and sentenced. . . .

*People v. Newman*, No. 261974, 2006 WL 3751384, *1 (Mich. Ct. App. Dec.1, 2006) (unpublished) (footnote omitted).

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that the trial court erred in refusing to suppress his handwritten police statement and that the trial court improperly scored OV 9, OV 10, and PRV 5 of the sentencing guidelines. The court denied relief on those claims and affirmed Petitioner's conviction and sentence. *Id* at *1-3. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Newman*, 478 Mich. 870, 731 N.W.2d 718 (2007).

Petitioner then filed a motion for relief from judgment with the state trial court asserting that the prosecutor presented insufficient evidence to support his conviction and that the prosecutor committed misconduct. The trial court denied the motion, ruling that Petitioner had not shown cause for failing to raise the issues on direct appeal and that the claims nonetheless lacked merit. *People v. Newman*, No. 04-024980 FH 4 (Saginaw Co. Cir. Ct. May 13, 2008) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Court of Appeals asserting that the trial court erred in refusing to suppress his handwritten police statement, that the pre-sentencing

investigation report included a false police report, and that the trial court erred in denying his motion for relief from judgment. The court denied leave to appeal "for failure to establish entitlement to relief under MCR 6.508(D)." *People v. Newman*, No. 287493 (Mich. Ct. App. March 26, 2009) (unpublished). Petitioner attempted to seek leave to appeal with the Michigan Supreme Court, but his application was rejected as untimely. *See* Deputy Clerk letter dated August 3, 2009.

Petitioner thereafter filed the instant petition asserting that: (1) the prosecution presented insufficient evidence of intent to support his conviction, and (2) the trial court mis-scored two offense variables (OV 9 and OV 10) and one prior record variable (PRV 5) of the state sentencing guidelines. Respondent has filed an answer to the petition contending that it should be denied because the insufficient evidence claim is procedurally barred and the sentencing claim lacks merit.

### III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed this petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that

3

contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's

4

decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, _ U.S. _, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.    Analysis**

    **A.    Insufficient Evidence Claim**

Petitioner first asserts that he is entitled to federal habeas relief because the trial court presented insufficient evidence of intent to support his conviction. Respondent contends that this claim was not properly exhausted in the state courts and is now barred by procedural default.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Court agrees that Petitioner has not properly exhausted this claim in the state courts. Petitioner first presented this claim to the state courts in his motion for relief from judgment. The trial court ruled that Petitioner had not shown cause for his failure to raise the claim on direct appeal and also found that the claim lacked merit. The Michigan Court of Appeals denied relief pursuant to Michigan Court Rule 6.508(D). Petitioner then failed to properly exhaust this claim

6

in the state courts because he did not timely seek leave to appeal with the Michigan Supreme Court.

A state prisoner's habeas claim is procedurally defaulted if the prisoner has failed to comply with an independent and adequate state procedural rule, thus causing default of the claim in state court. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This can occur when an individual fails to present an issue to a state appellate court upon the only opportunity to do so. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Rust*, 17 F.3d at 160. In *Coleman*, the Supreme Court held that if the decision of the last state court to which a habeas petitioner presented his federal claims fairly appeared to rest primarily on federal law, or to be interwoven with federal law, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition. *Id.* at 735. The Court went on to note:

> This rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims [citation omitted].

*Id.* at 735 n.1.

The United States Court of Appeals for the Sixth Circuit employs a four-part test to determine whether a state procedural default bars federal habeas review. The inquiry is whether:

> (1) a state procedural rule exists that applies to the petitioner's claim, (2) the petitioner failed to comply with the rule, (3) the state court actually applied the state rule in rejecting the petitioner's claim, and (4) the state procedural rule is an adequate and independent ground upon which the state can rely to deny relief.

*Frazier v. Huffman*, 343 F.3d 780, 790 (6th Cir. 2003) (citing *Reynolds v. Berry*, 146 F.3d 345, 347 (6th Cir.1998)).

All four parts of the test are met here. Michigan law clearly requires that an application for

7

leave to appeal regarding a criminal conviction in the Michigan Supreme Court be filed within 56 days of the lower court decision. *See* Mich. Ct. R. 7.302(C)(2), (3). Petitioner failed to timely file his application under Michigan Court Rule 7.302(C)(2), and the Michigan Supreme Court rejected it on that basis on August 3, 2009. The procedural rule relied upon by the Michigan Supreme Court to bar review was firmly established and regularly applied at the time of Petitioner's default. *See* Gen. Ct. R. 1963, 853 (effective Jan. 1, 1965); Mich. Ct. R. 7.302 (effective Mar. 1, 1985). Petitioner thus procedurally defaulted his insufficient evidence claim by failing to timely seek leave to appeal with the Michigan Supreme Court.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). The cause and prejudice test should be applied to all occasions where a procedural default bars state litigation of a constitutional claim. *Coleman*, 501 U.S. at 750.

To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. A petitioner must present a substantial reason to excuse the default. *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988); *Rust*, 17 F.3d at 161. Petitioner neither alleges nor establishes cause to excuse his default. This Court need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983); *Bell v. Smith*, 114 F. Supp. 2d 633, 638 (E.D. Mich. 2000).

Petitioner has also not established that a fundamental miscarriage of justice has occurred.

The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995); *Murray v. Carrier*, 477 U.S. at 496. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. His assertion that his habeas claims have merit does not establish a miscarriage of justice. Petitioner's insufficient evidence claim is barred by procedural default and does not warrant relief.

Moreover, even if this claim were not barred by procedural default, Petitioner would not be entitled to habeas relief as this claim lacks merit. The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n. 16). "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319

9

F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, "[t]he mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, "the elements of accosting a minor include: 1) accosting, enticing or soliciting, 2) a child under 16, 3) with the intent to induce or force the child to commit or submit to an immoral act, an act of sexual intercourse or gross indecency, or any other act of depravity or delinquency, or 4) encouraging a child to engage in any of those acts. MCL 750.145a." *People v. Middleton*, No. 268265, 2007 WL 1610502, *6 (Mich. Ct. App. June 5, 2007) (unpublished); *see also People v. Brower*, No. 86551, 2010 WL 1979280, *1-2 (Mich. Ct. App. May 18, 2010) (unpublished).

On collateral review, the state trial court denied relief on this claim, ruling, in part, that the trial testimony provided sufficient evidence to establish that Petitioner committed the crime and that he acted with the requisite intent. That decision is neither contrary to *Jackson* nor an unreasonable application of federal law or the facts. The victim's testimony established the elements of the crime. The testimony of a victim alone can be constitutionally sufficient to sustain a conviction. *See Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases). Although Petitioner denies having the necessary intent, the victim's testimony and reasonable inferences therefrom indicate otherwise. It is the job of the jury or fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of

the prosecution, and must defer to that resolution."). The state court's decision that the prosecution presented sufficient evidence to support Petitioner's conviction was reasonable. Moreover, the Court would reach the same result under *de novo* review. The victim's testimony and the circumstances of Petitioner's contact with her provided sufficient evidence to support his conviction. Habeas relief is not warranted on this claim.

### B. Sentencing Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court mis-scored two offense variables (OV 9 and OV 10) and one prior record variable (PRV 5) of the state sentencing guidelines. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner makes no such allegation.

Petitioner's claim that the trial court erred in scoring OV 9, OV 10, and PRV 5 under the state sentencing guidelines is not cognizable on federal habeas review because it is basically a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (ruling that departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S.

764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Moreover, even if this claim were cognizable, Petitioner is not entitled to relief. The Michigan Court of Appeals determined that any error in scoring OV 9 was harmless and that OV 10 and PRV 5 were properly scored. *See Newman*, 2006 WL 261974 at *2-3. That decision is reasonable and is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Habeas relief is not warranted on this claim.

**V.      Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition and that his petition for a writ of habeas corpus must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims.

*Id*. at 336-37. When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having conducted the requisite review, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 2, 2011

13

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record and by electronic means and:

**William Newman**
242710
14329 Sheridan Road
Apt. 4
Montrose, MI 48457

by U.S. Mail on May 2, 2011.

                                        S/Denise Goodine
                                        Case Manager